OPINION OF THE COURT
Michael D. Stallman, J.
It is hereby ordered that petitioners’ application for an extension of the temporary restraining order granted by Justice Lucy Billings on November 15, 2011 at 6:30 a.m. is denied; and it is further ordered that respondents are directed to answer the petition within 30 days; and it is further ordered that petitioners may submit a reply to the petition within 15 days of service of the answer; and it is further ordered that respondents shall serve answering papers to the request for “preliminary relief’ and the application to intervene on or before November 23, 2011, and petitioners shall serve reply papers on or before November 30, 2011; ordered that this petition is adjourned and recalendared in the Motion Submissions Part (60 Centre St Room 130) to December 1, 2011 at 9:30 a.m., for submission only of the respondents’ answering papers, petitioners’ reply papers, and the intervenors’ papers.
This special proceeding arises out of demonstrations known worldwide as Occupy Wall Street, occurring in a privately-owned public space known as Zuccotti Park, following removal of the participants by the New York City Police Department (NYPD) earlier today at approximately 1:00 a.m. The verified petition is brought against the City, Mayor Bloomberg, the NYPD and its commissioner, the Fire Department of New York and its commissioner, and Brookfield Properties, Inc. and its chief executive officer.
It would appear that Zuccotti Park is a privately-owned public-access plaza, created in 1968 by a city planning special permit issued pursuant to then existing authority of the New York City Zoning Resolution (Holloway affirmation 1i 9), which encouraged the creation of space for public use in exchange for *373 additional or “bonus” development rights given to the owners of adjoining properties. Brookfield Properties, Inc. is the alleged owner of Zuccotti Park. It is undisputed that the special permit requires that Zuccotti Park be open to the public and maintained for public use 365 days per year.
It is undisputed that, since its inception on about September 17, 2011, Occupy Wall Street began occupying Zuccotti Park on a 24-hour basis for the demonstrations. Occupy Wall Street brought attention to the increasing disparity of wealth and power in the United States, largely because of the unorthodox tactic of occupying the subject public space on a 24-hour basis, and constructing an encampment there. It is undisputed that, at some time after the Occupy Wall Street began, Brookfield Properties promulgated rules which prohibited, among other things,
“Camping and/or the erection of tents or other structures.
“Lying down on the ground, or lying down on benches . . .
“The placement of tarps or sleeping bags or other covering on the property.
“Storage of placement of personal property on the ground, benches, sitting areas or walkways which unreasonably interferes with the use of such areas by others.” (Verified petition, exhibit A.)
According to respondents, at approximately 1:00 a.m. this morning, the NYPD announced, via bullhorn and written notices, to those occupying Zuccotti Park to remove immediately all property and leave the park on a temporary basis, and that if they fail to leave the park, they will be subject to arrest. (Holloway affirmation 1f 3.)
Petitioner Jennifer Waller and others (who were not named in the petition) commenced this special proceeding, by order to show cause, for a temporary restraining order and/or preliminary injunction:
(a) Enjoining the respondents from evicting lawful protesters from Liberty Park/Zuccotti Park;
(b) Permitting all protestors to re-enter the park with tents and other gear previously utilized;
(c) Returning all property seized from protestors; and
(d) Granting such further relief as may seem just and proper.
Petitioners represented that the notice of the application for the temporary restraining order was faxed to the Corporation *374 Counsel for the City of New York at approximately 4:34 a.m., when the offices were closed. Earlier today at 6:30 a.m., Justice Lucy Billings granted a temporary restraining order prohibiting respondents from:
“(a) Evicting protests from Zuccoti Park a/k/a Liberty Park, exclusive of lawful arrests for criminal offense
“(b) Enforcing the ‘rules’ published after the occupation began or otherwise preventing protesters from re-entering the park with tents and other property previously utilized.”
By its terms, the temporary restraining order continues “until this matter is heard on the date set forth above [November 15, 2011].”
This court held oral argument shortly after noon today. At oral argument, the court granted, without opposition, an application to participate at oral argument by counsel on behalf of John Samuleson, as president of Transport Workers Union of America Local 100, Marsha Spinowitz, as president of Transport Workers Union of America Local 101, the NY Communities Exchange, and the Working Families party, who sought to “intervene as plaintiffs.” Leave to participate was granted solely for the purpose of oral argument, as the City disputed the intervenors’ standing in this lawsuit.
The owner of Zuccotti Park has represented that, after cleaning and restoration of Zuccotti Park, it will permit the Occupy Wall Street demonstrators to reenter the Park and to resume using it, in conformity with law and with the owner’s rules. Petitioners contend that, under the First Amendment, Brook-field’s rules are not valid. Petitioners assert that, given the enactment of the rules after the demonstrations began, the rules targeted Occupy Wall Street.
It is apparently undisputed that the owner is responsible for improving, maintaining, and cleaning the property, and correcting hazards and violations of law. It appears that, unlike owners of many other such development bonuses, privately owned spaces made available for the use of the public, the owner of Zuccotti Park had not previously published rules regulating its use by the public.
The parties dispute whether the First Amendment applies to the actions of the owner in enacting the rules. For purposes of this application, the court assumes that the First Amendment applies to the owner of Zuccotti Park, thus obviating petitioners’ request for a hearing as to whether Zuccotti Park is a *375 traditional public forum, or a limited public forum. Assuming arguendo, that the owner’s maintenance of the space must not violate the First Amendment, the owner has the right to adopt reasonable rules that permit it to maintain a clean, safe, publicly accessible space consonant with the responsibility it assumed to provide public access according to law.
The court is mindful of movants’ First Amendment rights of freedom of speech and peaceable assembly. However, “[e]ven protected speech is not equally permissible in all places and at all times.” (Frisby v Schultz, 487 US 474, 479 [1988], quoting Cornelius v NAACP Legal Defense & Ed. Fund, Inc., 473 US 788, 799 [1985].) Here, movants have not demonstrated that the rules adopted by the owners of the property, concededly after the demonstrations began, are not reasonable time, place, and manner restrictions permitted under the First Amendment.
To the extent that city law prohibits the erection of structures, the use of gas or other combustible materials, and the accumulation of garbage and human waste in public places, enforcement of the law and the owner’s rules appears reasonable to permit the owner to maintain its space in a hygienic, safe, and lawful condition, and to prevent it from being liable by the City or others for violations of law, or in tort. It also permits public access by those who live and work in the area who are the intended beneficiaries of this zoning bonus.
The movants have not demonstrated that they have a First Amendment right to remain in Zuccotti Park, along with their tents, structures, generators, and other installations to the exclusion of the owner’s reasonable rights and duties to maintain Zuccotti Park, or to the rights to public access of others who might wish to use the space safely. Neither have the applicants shown a right to a temporary restraining order that would restrict the City’s enforcement of law so as to promote public health and safety.
Therefore, petitioners’ application for a temporary restraining order is denied.